UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RAYMOND MAX SNYDER, | Case No. 3:23-cv-00048-ART-CSD |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 23) |
| v. | |
| ROBERT E. ESTES, Individually and in his official capacity as Justice of The Fourth Judicial District Court of Elko County, | |
| And John and Jane Does 1-10, | |
| Defendants. | |

*Pro se* plaintiff Raymond Max Snyder brings this § 1983 action against Robert E. Estes, Justice of the Fourth Judicial District Court of Elko County, alleging violations of his rights under the U.S. Constitution and the Nevada Constitution. There are ten motions before the Court. Mr. Snyder has filed three motions for default judgment (ECF Nos. 11, 12, 20), a Motion for Summary Judgment (ECF No. 29), a motion for sanctions against Judge Estes (ECF No. 36), and two motions for speedy resolution of the aforementioned motions (ECF Nos. 41, 45). Judge Estes has filed two motions to stay (ECF Nos. 24, 39) and a Motion to Dismiss (ECF No. 23) Plaintiff's Amended Complaint (ECF No. 9) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. This Court grants Judge Estes's Motion to Dismiss.

**I.   BACKGROUND**

In August 2020, Mr. Snyder and his then-wife, Laura Ann Snyder, participated in a divorce trial presided over by Judge Estes of the Fourth Judicial District Court of Elko County. (ECF No. 9 at 3). The trial resulted in the parties'

divorce and several monetary judgments against Mr. Snyder. (*Id.* at 3.) Mr. Snyder then appealed the divorce order to the Nevada Supreme Court, which remanded to the trial court, and a hearing on all outstanding motions was set for October 11, 2023. (ECF No. 17-5 at 4.) Judge Estes represents that Mr. Snyder will have the ability to appeal again. (ECF No. 23 at 9.)

In his Amended Complaint, Mr. Snyder brought this action complaining that Judge Estes violated his Fifth and Fourteenth Amendment rights in the divorce proceeding by making decisions that were legally and factually incorrect, and that he either oversaw or participated in several instances of fraud committed by Mr. Snyder's ex-wife and her counsel. (*Id.* at 3-13.) As remedies, Mr. Snyder seeks damages, costs, fees, and injunctive relief, specifically, "for the divorce decree to be dismissed." (*Id.* at 14.)

**II.    DISCUSSION**

Judge Estes moves to dismiss Mr. Snyder's complaint on three grounds. First, Judge Estes moves to dismiss under Rule 12(b)(6) for failure to state a claim because he enjoys judicial immunity from suits for damages. Alternatively, he moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) because this Court lacks jurisdiction to hear *de facto* appeals of state court decisions under the *Rooker-Feldman* doctrine. Finally, he argues that the court should abstain under *Younger v. Harris* because the divorce proceeding is still pending in state court. Without engaging with these arguments, Mr. Snyder's response reiterates the harms he allegedly experienced as a result of Judge Estes's legal decisions. The Court addresses the jurisdictional challenge first and concludes that it lacks jurisdiction to review this suit challenging the state court divorce proceeding. Alternatively, Judge Estes is absolutely immune from a suit for damages, and any injunctive relief against him is precluded by statute.

A.    The *Rooker-Feldman* Doctrine

Judge Estes moves to dismiss for lack of jurisdiction under the *Rooker-*

*Feldman* doctrine, which provides that federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). In resolving this facial challenge to subject matter jurisdiction, the Court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005). The doctrine applies to appeals of interlocutory orders as well as final judgments. *Benavidez*, 993 F.3d at 1143. To determine whether an action functions as a prohibited de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam,* 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker–Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi,* 334 F.3d at 900 (internal quotations and citations omitted).

*Rooker-Feldman* applies to this case and deprives this Court of jurisdiction. Mr. Snyder complains of a legal injury, caused by allegedly erroneous, wrongful, and unconstitutional applications of law, in a case to which he was a party. He seeks relief from the challenged judgment in the form of a dismissal of the divorce. Mr. Snyder is asking this Court to undo a state court judgment. This is precisely

the kind of impermissible appeal of a state court decision that the *Rooker-Feldman* doctrine bars.

### B. Judicial Immunity

Even if *Rooker-Feldman* does not strip the Court of jurisdiction, the suit against Judge Estes must be dismissed because of Judge Estes's judicial immunity.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

Judges are absolutely immune from suits for money damages resulting from their judicial acts, meaning acts that are performed in their official capacity as judges. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). There are only two exceptions to this doctrine, neither of which apply here. First, judicial immunity will not extend to acts that are not "judicial" in nature. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether a function is "judicial," courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they

dealt with the judge in his judicial capacity." *Id.* at 362. Second, judicial immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). In the context of judicial immunity, courts construe a judge's jurisdiction broadly. *Id.* "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ." *Id*; *Mireles v. Waco*, 502 U.S. 9, 13 (1991). Courts distinguish between judges acting in absence of jurisdiction and judges acting in mere excess of jurisdiction. The Supreme Court illustrated this distinction in *Stump:*

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357. A judge acting in a judicial capacity and not "in the clear absence of all jurisdiction" enjoys absolute immunity from suits for damages. "Judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, nor is it lost when a judge conspires with one party to rule against another party, *Ashelman*, 793 F.2d at 1078.

Judge Estes was acting in a judicial capacity when he took the actions complained of in this case. His actions were those "normally performed by a judge," and his interactions with Mr. Snyder were undertaken "in his judicial capacity." *Stump*, 435 U.S. at 362. Mr. Snyder complains only of actions Judge Estes took while presiding over Mr. Snyder's divorce case. These alleged actions include: failing to let a qualified witness testify (ECF No. 9 at ¶ 7); declining to allow certain exhibits at trial (*Id.* at ¶ 8); issuing a legal order in alleged violation of prior financial restraining orders (*Id.* at ¶ 9); unfairly awarding money to Mr. Snyder's ex-wife (*Id.* at ¶¶ 10-13, 15, 18, 28-29, etc.); making erroneous findings

1  of fact (*Id.* at ¶ 14, 16-17); holding a procedurally deficient show cause hearing
2  (*Id.* at ¶¶ 19-27, 30-32); knowingly issuing an order containing false statements
3  (*Id.* at ¶¶ 33-46); overseeing fraud committed by the opposing party (*Id.* at ¶¶ 48-
4  50, 53-61, 66); and refusing to recuse himself despite his bias (*Id.* at ¶¶ 67, 73-
5  74). Because each of these allegations concern judicial acts, Judge Estes is
6  immune from a suit for damages regardless of any alleged bad faith or malice.
7  *Mireles*, 502 U.S. at 11; *Ashelman*, 793 F.2d at 1078.

8       Judge Estes also was not acting "in the clear absence of all jurisdiction."
9  State district courts in Nevada have jurisdiction over actions for the dissolution
10 of marriages. NRS 3.223(b); *see also* NV Const. art. 6 § 6 (granting the Nevada
11 legislature the power to establish the jurisdiction of family courts). Judge Estes
12 is a Justice of the Fourth Judicial District Court of Elko County. For all actions
13 relevant to Mr. Snyder's complaint, he was presiding over a divorce proceeding,
14 with clear jurisdiction over that proceeding pursuant to Nevada statute. Any
15 allegations that Judge Estes acted in excess of his authority are irrelevant to his
16 jurisdiction and ultimately to his immunity from suit. *Stump*, 435 U.S. at 356.

17      Because Mr. Snyder challenges actions taken by Judge Estes in his judicial
18 capacity, his claim for money damages is barred by the absolute judicial
19 immunity and will be dismissed.

20      Because this Court lacks jurisdiction to hear Mr. Snyder's claims, and
21 because his claims are otherwise barred by judicial immunity, this Court will not
22 reach Judge Estes's argument that *Younger* abstention applies. *Younger v. Harris*,
23 401 U.S. 37 (1971).

24     **III.   CONCLUSION**

25      It is therefore ordered that Defendant Robert Estes's Motion to Dismiss
26 (ECF No. 23) is granted, and this case is dismissed without prejudice. It is further
27 ordered that Mr. Snyder's motions for default judgment (ECF Nos. 11, 12, 20),
28 Motion for Summary Judgment (ECF No. 29), motion for sanctions (ECF No. 36),

and motions to set for decision (ECF Nos. 41, 45) and Judge Estes's motions to stay this case (ECF Nos. 24, 39) are denied as moot. It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

Dated this 21st day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE